UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-781-H

JORETTA HAYES, Administratrix of the                                              PLAINTIFF
Estate of GEORGE HAYES, JR. and
JORETTA HAYES, as next friend and natural
mother of JENNIFER HAYES and
MATTHEW HAYES, minors

V.

MTD PRODUCTS, INC., d/b/a Cub Cadet                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff's decedent, George Hayes, was crushed to death in a lawn tractor accident on

June 16, 2005.  Plaintiff filed suit against defendant MTD Products, Inc. ("MTD Products" or

"Defendant"), manufacturer of the lawn tractor on which George Hayes was riding, for negligent

design.  During the course of Joretta Hayes' deposition, Joretta Hayes implied that the Kentucky

Department of Highways (the "Highway Department") could have prevented the accident by

mowing or otherwise clearing the area George Hayes was attempting to mow when he had his

accident.  MTD Products has now filed this motion to file a third party complaint against the

Highway Department so that the jury may properly apportion fault among the entities which may

have caused or contributed to decedent's death.

Kentucky statutory law requires that jury apportionment among joint tortfeasors shall be

conducted in all tort cases unless all parties agree otherwise.  K.R.S. § 411.182(1).  However, as

interpreted by Kentucky courts, this statute only allows persons who are or who *have been*

parties to the litigation to be named in the jury instruction.  *Jones v. Stern*, 168 S.W.3d 419, 423

(Ky. App. 2005) (citing *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky. App. 1994)).  The jury is not

allowed to apportion damages among persons or entities that have never been parties. *Id.*

Therefore, a necessary predicate for MTD Products requesting an apportionment instruction at

trial is that the Highway Department to become a party in this litigation, if only temporarily.

The Highway Department is a department of the Commonwealth of Kentucky and thus

can be held liable only under the provisions of the Kentucky Board of Claims Act, meaning that

the Highway Department could not be held liable in this Court. *See* K.R.S. § 44.070 *et seq.*

Plaintiff asserts that the Highway Department cannot be joined based on Kentucky case law.

However, this case presents a nearly identical factual scenario to the underlying case in *Grimes*

*v. Mazda North American Operations*, 355 F.3d 566 (6th Cir. 2004).  In *Grimes*, plaintiff filed

suit against Mazda for negligent design in an action stemming from plaintiff's automobile

accident. *Id.* at 568.  Plaintiff also filed an action against the Highway Department in a Board of

Claims action "for failure to warn about an existing road hazard and thereby causing or

contributing to the accident." *Id.* at 571.  Upon learning of the Board of Claims action, Mazda in

turn impleaded the Highway Department, because "[u]nder Kentucky law, only by bringing a

third-party claim against the Department could defendants seek contribution from it for any

damages awarded to plaintiff." *Id.*  Judge Russell of the Western District of Kentucky

acknowledged in his order the rule discussed *supra*: that for an apportionment instruction to be

issued, "a claim must be made against the alleged wrongdoer, even if there is no legal right to

recover from that wrongdoer." *Id.* at 572 (paraphrasing Judge Russell).  "'[T]he practice is to

bring the alleged wrongdoer into the case by a third party complaint only to then have it

dismissed.  This sets up a possible apportionment instruction.'" *Id.* (quoting D. Ct. Order, dated

Mar. 8, 2000).

2

The Court recognizes that the Kentucky Supreme Court has reached opposite conclusions in similar cases.  *See Jefferson County Commonwealth Attorney's Office v. Kaplan*, 65 S.W.3d 916 (Ky. 2001); *Lexington-Fayette Urban County Gov't v. Smolcic*, 142 S.W.3d 128 (Ky. 2004).  However, both *Kaplan* and *Smolcic* are distinguishable.  In *Kaplan*, defendant in a legal malpractice action sought to implead three state prosecutors and an expert witness.  *Kaplan*, 65 S.W.3d at 918.  The Kentucky Supreme Court found that all three individuals were *absolutely immune* from suit under the circumstances and thus that the trial court's dismissal of the defendant's third-party complaint was appropriate.  *Id.* at 920-21.  Significantly, none of these individuals could be held individually liable under the Kentucky Board of Claims Act either. *See* K.R.S. § 44.070 *et seq.*

In *Smolcic*, several pedestrians involved in an automobile accident sued the driver of the vehicle, the Lexington-Fayette Urban County Government ("LFUCG"), and others.  *Smolcic*, 142 S.W.3d at 130.  The trial court dismissed the LFUCG for liability purposes, but allowed it "to remain in the suit for purposes of apportionment under KRS § 411.182."  *Id.*  The Kentucky Supreme Court specifically found that the Board of Claims did not have jurisdiction over the plaintiffs' claims because LFUCG was a county government.  *Id.* at 133.  However, the Kentucky Supreme Court also found that allowing LFUCG to remain in the suit for apportionment purposes was unlawful because it constituted a "partial abrogation of the absolute immunity defense" possessed by the LFUCG.  *Id.* at 136.  The court discussed the policy reasons for not allowing LFUCG to proceed as a defendant for apportionment purposes: "'Absolute immunity refers to the right to be free, not only from the consequences of the litigation's results, but from the burden of defending oneself altogether.'"  *Id.* at 135 (quoting *Fralin & Waldron,*

3

*Inc. v. Henrico County, Va.*, 474 F.Supp. 1315 (E.D. Va. 1979)).

Defendant's claim in this case is different.  The Highway Department is not absolutely

immune from suit because the Kentucky Legislature has partially abrogated the state's immunity

via the Board of Claims Act.  The policy reasons discussed by the *Smolcic* court for immunity do

not apply, because the Highway Department is at least potentially liable for its actions (or

inaction, as the case may be) in this case.  Although whether an apportionment instruction is

ultimately issued will depend upon questions of law and fact presented later in this case, granting

Defendant's motion at this time is a necessary procedural step under Kentucky law to even allow

*consideration* of an apportionment instruction later in the case.

Several final comments are appropriate.  First, the Court does not believe that Plaintiff

may obtain a verdict against the Highway Department because it is immune to suit in these

circumstances.  Consequently, in the next few days the Court will enter an order dismissing the

claims against the Highway Department without prejudice.  Second, this Memorandum Opinion

should not lead one to conclude that MTD Products will be entitled to an apportionment

instruction against the Highway Department.  The evidence of negligence or any responsibility

on the part of the Highway Department appears quite slim at this time.  The Court will determine

at a later time whether an apportionment instruction is appropriate or permissible.

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for leave to file a third-party

complaint is SUSTAINED.

4

cc:     Counsel of Record