UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-781-H

JORETTA HAYES, Administratrix of the                                            PLAINTIFF
Estate of GEORGE HAYES, JR., and
JORETTA HAYES, as next friend and natural
mother of JENNIFER HAYES and
MATTHEW HAYES, minors

V.

MTD PRODUCTS, INC., d/b/a/ Cub Cadet                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

George Hayes was killed in a rollover accident involving a Cub Cadet riding mower. His widow has sued the manufacturer in this products liability action. MTD has filed two motions for partial summary judgment, one on the issue of punitive damages and one on the issue of Hayes' comparative negligence. For the reasons that follow, the Court concludes that both should be denied at this time.

I.

The facts of this case are fairly straightforward. George Hayes borrowed his brother's Cub Cadet zero-turn-radius mower. While he was operating this mower near the edge of a ditch on his property, the mower rolled over, killing Hayes. Hayes' widow, Joretta Hayes, has sued MTD on strict liability and negligence products liability theories. Her primary claim is that rollovers are a known risk of such mowers and that George Hayes' death could have been prevented had the Cub Cadet mower he was operating featured a Roll-over Protection System (ROPS).

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing a summary judgment motion, the court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## II.

The Court will first examine Defendant's motion for partial summary judgment on the issue of punitive damages. Defendant rests its argument on three different approaches. First, it claims that Kentucky's method of awarding punitive damages is unconstitutional under the Supreme Court's decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Second, it claims that the Plaintiff's does not present any factual evidence that MTD acted maliciously, willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Third, and in a related argument, MTD argues that Plaintiff's expert reports are supported solely by unscientific opinion. The Court will address each of these arguments in turn.

First, Defendant argues that there is no constitutional vehicle in Kentucky by which Plaintiff could recover punitive damages. Defendant bases this argument in part on the Supreme Court's decision in *Campbell*. In *Campbell*, the Court applied the guideposts of *BMW of North*

2

*America, Inc. v. Gore*, 517 U.S. 559 (1996), and overturned a punitive damages award of $145 million in a case where the plaintiff was awarded $2.6 million in compensatory damages. *Campbell*, 538 U.S. at 415.  The Court reaffirmed that the "Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *Id.* at 416 (citations omitted).  The Court stated in *Campbell*:

> In light of these concerns, [in *Gore*] *we instructed courts* reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases . . . We reiterated the importance of these three guideposts in [*Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001)] and mandated appellate courts to conduct *de novo* review of a *trial court's application* of them to the jury's award.

*Id.* at 418 (internal citations partially omitted) (emphasis added).  This discussion makes clear that the Supreme Court expects *judges* to apply the *Gore* guideposts to ensure that any punitive damages awarded by the *jury* comport with the requirements.  Furthermore, to the extent that Defendant believes Kentucky's standard punitive damages jury instructions are unconstitutional, it can propose what it believes to be constitutional instructions at trial and/or make objections to the standard instructions.  Punitive damages can be awarded in a federal district court in Kentucky, provided that this Court follows carefully the Supreme Court's strictures on this area of law.

      Second, Defendant argues that the evidence does not support a finding of punitive damages under the standards for awarding such.  Here, the evidence is decidedly mixed.  On the one hand, Defendant argues that its design complied with certain minimal safety standards, that no safety standard calls for ROPS on a mower like the Cub Cadet the decedent was operating,

3

that competitors sell similar mowers without ROPS, and that the magazine *Consumer Reports* did not downgrade the Cub Cadet mower at issue here due to the absence of ROPS.  Plaintiff responds that the applicable safety standards themselves are too low, that many zero-turn-radius mowers available on the market feature ROPS as standard or optional equipment, and that MTD's record-keeping on rollovers is suspect.  Most of this evidence goes more directly to the issue of whether the product itself was unreasonably dangerous.  Based upon all the evidence, it tends not to suggest malicious conduct on Defendant's part.  Nevertheless, taking the evidence presented in the light most favorable to Plaintiff, the Court finds that some of it could support an award of punitive damages.  That said, however, the Court will limit Plaintiff's counsel from discussing punitive damages in opening statement at trial, and would certainly entertain a motion for judgment as a matter of law on the issue of punitive damages at the close of Plaintiff's evidence if that evidence does not support a punitive damages instruction.

      Finally, Defendant argues that Plaintiff's expert reports are unsupported by scientific opinion.  There are two problems with this argument as currently constituted.  First, this argument was raised only in Defendant's reply brief, making it impossible for Plaintiff to effectively reply to Defendant's objections to Plaintiff's experts' credentials and opinions.  Therefore, this issue is not fully briefed.  Second, this objection may be more appropriate for a motion *in limine* designed to exclude some or all of these experts' testimony from trial.

      For all of these reasons, partial summary judgment on the issue of punitive damages would not be appropriate at this time, and therefore the Court will deny that motion.

III.

Defendant has also moved for partial summary judgment as to decedent's comparative negligence.  In essence, Defendant is asserting that, as a matter of law, it is entitled to a comparative negligence instruction.  Defendant offers as proof of decedent's negligence the following allegations: that decedent was under the influence of several medications at the time of the accident and that those medication impaired his ability to operate machinery; that decedent steered the mower too close to a steep ditch on his own property just before the accident; that decedent lacked proper training to operate the mower, especially near a steep ditch; and that decedent did not read the mower's operator's manual or warning labels before operating the mower.  These allegations are generally convincingly rebutted by Plaintiff.  Again taking the evidence in the light most favorable to the Plaintiff, the Court declines to guarantee that it would issue a comparative negligence instruction at trial.  There does seem to be sufficient evidence for a comparative negligence instruction to be issued, but the Court will reserve judgment on that issue until the conclusion of the evidence.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motions for partial summary judgment are DENIED.

This is a final order.

cc:     Counsel of Record