UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-781-H

JORETTA HAYES, Administratrix of the                                    PLAINTIFF
Estate of GEORGE HAYES, JR., and
JORETTA HAYES, as next friend and natural
mother of JENNIFER HAYES and
MATTHEW HAYES, minors

V.

MTD PRODUCTS, INC., d/b/a/ Cub Cadet                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

George Hayes was killed when a Cub Cadet zero turn radius ("ZTR") lawn mower rolled over and crushed him. Defendant MTD Products has filed this motion to exclude the proposed expert opinion testimony of Stuart M. Statler from trial. For the following reasons, the Court will grant Defendant's motion.

Statler served as a Consumer Product Safety Commission ("CPSC") Commissioner from 1979 until 1986. Since then, Statler has apparently served as an expert witness in a wide variety of products liabilities actions. Statler is apparently generally familiar with the safety record of riding lawn mowers, and was at least tangentially involved with various CPSC efforts regarding riding lawn mowers while he served on the CPSC. However, the CPSC oversees a huge variety of consumer products, and Statler does not profess to be specifically an expert on riding lawn mowers or ZTR mowers in particular. Statler's preparation for this case consisted entirely of document review; his Proposed Rule 26 report includes just over a page of documents that he reviewed. Statler's testimony would essentially boil down to his opinion that it was

unreasonable and "flew in the face of any viable product safety program" for MTD to market this Cub Cadet lawn mower without a rollover protection system/structure (ROPS).

Under Federal Rule of Evidence 702, "a qualified expert may give opinion testimony if the expert's specialized knowledge would help the jury understand the evidence or decide a fact in issue." *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993) (citing *United States v. Arenal*, 768 F.2d 263, 269 (8th Cir. 1985). In its "gatekeeper" role, the Court is "imbued with discretion in determining whether or not a proposed expert's testimony is admissible, based on whether it is both relevant and reliable." *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007) ("*Johnson II*") (citing *Kumho Tire Company v. Carmichael*, 526 U.S. 137, 147 (1999)). The relevance prong is guided by the relatively lenient Rule 702 standard ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. . . ."). Here, it seems clear that Statler's proposed testimony is generally relevant to the matter at hand.

However, the Court must also inquire into Statler's reliability as an expert witness. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), identified four non-exclusive factors that may be helpful in assessing expert testimony. Those factors include: (1) whether a theory can and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) the extent to which a known technique or theory has gained general acceptance within a relevant scientific community. *Id.* at 594. These factors do not constitute a "definitive checklist or test." *Kumho Tire*, 526 U.S. at 150, and other factors can be used at the Court's discretion, according

2

to the type of testimony offered.  The Sixth Circuit has recognized a fifth common factor:

> whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying because the former provides important, objective proof that the research comports with the dictates of good science.

*Smelser v. Norfolk S. Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997).

The first *Daubert* factor asks whether the theory can and has been tested.  *Daubert*, 509 U.S. at 594.  Statler's basic theory is that MTD's failure to install ROPS "violated . . . responsible manufacturing practice . . . and amounted to reckless disregard for safety of its customers and gross negligence."  This is a legal, not a factual, conclusion.  As Defendant points out, Statler has conducted no testing on whether ROPS installation would have prevented George Hayes' death.  Plaintiff's other expert witness is an engineer who will provide more technical information on the accident's cause.  Of course, it is true that ROPS appear on other lawn mowers, arguably obviating the need for testing of any kind.  However, this argument was made and rejected by the magistrate judge in the underlying case in *Johnson*.  *See Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F.Supp.2d 852, 862 (M.D. Tenn. 2005) (*Johnson I*); *see also Johnson II*, 484 F.3d at 433 (concluding the proposed expert "failed to conduct any testing at all").  Therefore, the first *Daubert* factor suggests excluding Statler's proposed testimony.

The second *Daubert* factor asks whether the theory or technique has been subjected to peer review and publication.  *Daubert*, 509 U.S. at 594.  While Statler certainly cites to a wide variety of publications discussing lawn mower safety in his proposed report, he does not appear to have cited any publications that concluded that the failure of some riding mower manufacturers to provide ROPS on their mowers amounts to, in Statler's words, "gross

negligence." Furthermore, it does not appear that Statler himself has published any materials on ROPS and riding mowers, and certainly there is no evidence that any of Statler's conclusions have been peer reviewed. Therefore, the second *Daubert* factor also suggests excluding Statler's proposed testimony.

The third and fourth *Daubert* factors are more applicable to a strictly scientific testing process, and are not applicable here. Therefore, the Court will turn to the fifth factor discussed by the Sixth Circuit in *Smelser*. It is a fact of life in modern litigation that "expert witness are not necessarily always unbiased scientists" because they are "paid by one side for their testimony." *Johnson II*, 484 F.3d at 434 (quoting *Turpin v. Merrell Dow Pharmaceuticals, Inc.*, 959 F.2d 1349, 1352 (6th Cir. 1992). Of course, it is not reasonable for courts to expect expert witness to regularly appear in cases on a *pro bono* basis. However, the Sixth Circuit in *Johnson* recognized that "expert testimony prepared solely for the purposes of litigation, as opposed to testimony flowing naturally from an expert's line of scientific research or technical work, should be viewed with some caution." *Johnson II*, 484 F.3d at 434. The Sixth Circuit quoted with approval the underlying magistrate judge's opinion, which concluded that the "plaintiff's expert in this case appears in many ways to be the quintessential expert for hire. Though he is indisputably a mechanical engineer with good qualifications and an impressive resume, he has nonetheless spent the last twenty plus years of his life testifying as an expert in a wide variety of design defect cases." *Johnson I*, 406 F.Supp.2d at 865-66; *see also Johnson II*, 484 F.3d at 435. The Sixth Circuit ruled that when the proposed expert is a "quintessential expert for hire," that expert need "not be accorded a presumption of *unreliability*, but the party proffering the expert must show some objective proof – such as the expert's extensive familiarity with the particular

4

type of machine in question . . . supporting the reliability of the expert's testimony." *Id.* (citing *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1317-18 (9th Cir. 1995)) (emphasis in original).

Here, Statler does appear to be the "quintessential expert for hire." Statler is well-credentialed, with his service on the CPSC and years of consulting work. However, his expertise in this area is generic; in his report, Statler does not profess to be an expert on riding lawn mowers but on "consumer product safety generally, manufacturer and seller responsibility, and the consideration of dangerous products by the [CPSC]." No objective proof has been provided to the Court that Statler is, for instance, a recognized expert in the field of riding mower safety, or a particular expert on ROPS. Furthermore, Statler's educational qualifications are not those of an engineer, but those of a lawyer. Finally, his report here does not appear to flow "naturally from [his] line of scientific research or technical work," *Johnson II*, 484 F.3d at 434, but rather was apparently prepared solely for this litigation. None of these factors standing alone would dictate exclusion, but together they paint a strong picture in favor of exclusion under the "Prepared-Solely-For-Litigation Factor" discussed in *Johnson II. See id.*

Finally, the Court has other concerns regarding Statler's report that dictate his exclusion from trial. His report at many points deviates from opinions – which are certainly allowed from expert witnesses – to legal conclusions – which are reserved for the jury. For instance, Statler concludes that the Hayes accident was caused by a "systemic disregard for safety, at all levels, on the part of MTD" and by MTD's "reckless disregard for the safety of its customers and gross negligence." Statler argues that MTD "demonstrated . . . an overall course of conduct contrary to responsible manufacturing and marketing practice, and willful and wanton behavior."

Statler's opinions are also in parts unduly inflammatory. For instance, Statler posits, "[h]ad the company eschewed subterfuge, and instead confronted legitimate risk concerns and engaged in what it knew to be responsible corporate conduct," the accident could have been avoided. Statler's proposed report reads less like an expert's unbiased assessment and more like counsel's closing argument. Taking into account these and the above-discussed *Daubert* factors, the Court concludes that Defendant's motion should be granted and that Statler's testimony will be excluded from trial.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to exclude from trial the testimony of Stuart Statler is SUSTAINED.

cc: Counsel of Record