FILED
Jeffrey A. Apperson, Clerk
JUL 17 2008
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION 3:05–CV–781–H

JORETTA HAYES, Administratrix of the
Estate of GEORGE HAYES, JR., and
JORETTA HAYES, as next friend and natural
mother of JENNIFER HAYES and
MATTHEW HAYES, minors                                            PLAINTIFF

V.

MTD PRODUCTS, INC., d/b/a Cub Cadet                              DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case, to find for Plaintiff you must find that each element of her claim is more likely true than not.

In this case, Plaintiff does **not** say that any defect caused the Cub Cadet RZT 42 residential zero-turn-radius mower ("the RZT mower") to fall into the ditch. Rather, Plaintiff says that MTD Products, Inc. ("MTD") should have installed a rollover protective system ("ROPS") on the RZT mower and that the ROPS would have prevented the death of George Hayes, Jr., in these circumstances.

## INSTRUCTION NO. 1

Plaintiff's first claim is that MTD failed to exercise ordinary care in the design of the RZT mower by failing to design and install a ROPS for it. You will find for the Plaintiff if you are satisfied from the evidence that:

1. MTD failed to exercise ordinary care in the design and manufacture of the RZT mower; and

2. This failure was a substantial factor in the death of George Hayes, Jr.

As the term is used in this instruction, "ordinary care" as applied to MTD means such care as an ordinarily prudent manufacturer would exercise under similar circumstances.

As used in this instruction, a "substantial factor" means a person's or company's conduct has such an effect that reasonable persons would regard the conduct as the cause of the resulting injury. That is, an act or failure to act must play a significant part in bringing about or actually causing the injury, and the injury must have been a direct result or reasonably probable consequence of the act or omission.

**Question #1: If you find true both of the statements listed above, select "Yes" under Question #1 on the Verdict Form. If you do not find both of the statements true, select "No" under Question #1. Regardless of your answer, proceed to Instruction No. 2.**

## INSTRUCTION NO. 2

Plaintiff also claims that the RZT mower, designed and manufactured by MTD, was defective and unreasonably dangerous due to its lack of a ROPS. You will find for the Plaintiff if you are satisfied from the evidence that:

1. the RZT mower designed and manufactured by MTD was defective and unreasonably dangerous; and

2. the defective and unreasonably dangerous design of the RZT mower was a substantial factor in the death of George Hayes, Jr.

A product is "defective" and "unreasonably dangerous" if it creates such a risk of injury or death that an ordinarily prudent company engaged in the design of similar products, being fully aware of the risk, would not have put the product on the market. In order to find that an ordinarily prudent company would not have put this product on the market, you must find that there existed an alternative feasible design of greater overall safety at the time the product was manufactured and that a reasonably prudent manufacturer would have used this alternative.

A manufacturer is not required to design the best possible product, or a product as good as other manufacturers' products, or even a product better than the one it designed, so long as the product it designed is reasonably safe. The manufacturer does not guarantee that no one will be injured while using its product. Liability is not imposed merely because a product presents certain risks to users, since many products cannot be made completely safe for all uses. What the manufacturer is required to do is to make a product that is not defective and unreasonably dangerous.

Proof that a particular injury would not have occurred if the product were designed differently is **not** sufficient to establish that a product is defective and unreasonably dangerous. In determining whether a product is defective and unreasonably dangerous, you may consider whether the benefits of the product outweigh the inherent risks.

4

The same definition of a "substantial factor" set forth in Instruction No. 1 applies here as well.

**Question #2:** **If you find true both of the statements listed above, select "Yes" under Question #2 on the Verdict Form. If you do <u>not</u> find both of the statements true, select "No" under Question #2. If you selected "No" under both Question #1 and Question #2, sign and date the Verdict Form and return to the courtroom.**

## INSTRUCTION NO. 3

George Hayes, Jr. had a duty to exercise ordinary care for his own safety in operating the RZT mower. MTD asserts that he failed to do so. Therefore you must determine whether you are satisfied from the evidence that:

1. George Hayes, Jr. failed to exercise ordinary care for his own safety in operating the RZT mower on the day of the accident; and
2. This failure to exercise ordinary care was a substantial factor in causing his death

"Ordinary care" means such care as an ordinarily prudent person would exercise under similar circumstances.

The same definition of a "substantial factor" set forth in Instruction No. 1 applies here as well.

**Question #3: If you find true both of the statements listed above, then select "Yes" under Question #3 of the Verdict Form and proceed to Instruction No. 4. If you do not find both of these statements true, select "No" under Question #3, skip Instruction No. 4, and proceed to Instruction No. 5.**

## INSTRUCTION NO. 4

To allocate fault between George Hayes, Jr., and MTD, you must determine from the evidence the relative percentage of the total fault attributable to each. In determining these percentages of fault, you shall consider both the nature of their conduct and the extent to which such conduct was a factor in causing the death of George Hayes, Jr.

**Question #4: Please record these percentages under Question #4 of the Verdict Form. Next, proceed to Instruction No. 5. <u>Note that the percentages must total 100%</u>.**

# INSTRUCTION NO. 5

You must award the Plaintiff a sum of money that will fairly and adequately compensate the Estate of George Hayes, Jr., and the children of George Hayes, Jr., for the reasonable damages which you believe each has sustained as a direct result of the accident. You may award damages as follows:

A. **The Estate of George Hayes, Jr.,** may recover for the loss of George Hayes, Jr.'s social security benefits over his life expectancy, as well as for whatever physical or mental suffering you believe he experienced before his death as a direct result of the accident.

B. **Jennifer Hayes**, the daughter of George Hayes, Jr., was sixteen (16) at the time of her father's death. She may recover for the loss of services, assistance, aid, society, and companionship of her father until she reached the age of eighteen (18).

C. **Matthew Hayes**, the son of George Hayes, Jr., was twelve (12) at the time of his father's death. He may recover for the loss of services, assistance, aid, society, and companionship of his father until he reaches the age of eighteen (18).

**Indicate your awards for each of the three categories listed above under Questions #5A through #5C of the Verdict Form. Do not reduce the total damages by any percentage of fault allocated in accordance with Instruction No. 4. The Court will perform these calculations, if they are necessary.**

**When you have recorded these dollar amounts, sign and date the Verdict Form and return to the courtroom.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reach an agreement if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. As I indicated, a verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case. You will then return with your verdict to the courtroom.

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION 3:05–CV–781–H

JORETTA HAYES, Administratrix of the                         PLAINTIFF
Estate of GEORGE HAYES, JR., and
JORETTA HAYES, as next friend and natural
mother of JENNIFER HAYES and
MATTHEW HAYES, minors

V.

MTD PRODUCTS, INC., d/b/a Cub Cadet                           DEFENDANT

## VERDICT FORM

Please record your verdict by answering the following questions; remember that your verdict must be unanimous.

**Question #1: MTD's failure to exercise ordinary care**

    Yes             _____

    No              _____

**Question #2: Unreasonably dangerous product**

    Yes             _____

    No              _____

If you answered "No" to both Questions #1 and #2, **proceed no further**. Sign the Verdict Form and return to the courtroom. Otherwise, proceed to Question #3.

**Question #3: George Hayes, Jr.'s failure to exercise ordinary care**

    Yes         \_\_\_\_\_

    No         \_\_\_\_\_

**If you answered "No" to Question #3, skip Question #4 and proceed to Question #5A**

**Question #4: Apportionment of Fault**

| | |
|---|---|
| Percentage of fault attributable to MTD | \_\_\_\_\_% |
| Percentage of fault attributable to George Hayes, Jr. | \_\_\_\_\_% |
| TOTAL | 100 % |

**Question #5A: George Hayes, Jr.'s Damages**

| | |
|---|---|
| Loss of George Hayes, Jr.'s Social Security benefits | $_____ (**not to exceed $353,285.84**) |
| Mental and physical pain and suffering | $_____ (**not to exceed $2,000,000.00**) |

**Question #5B: Jennifer Hayes' Damages**

| | |
|---|---|
| Loss of George Hayes, Jr.'s services, assistance, aid, society, and companionship | $_____ (**not to exceed $500,000.00**) |

**Question #5C: Matthew Hayes' Damages**

| | |
|---|---|
| Loss of George Hayes, Jr.'s services, assistance, aid, society, and companionship | $_____ (**not to exceed $500,000.00**) |

_____               _____
DATE                                                  FOREPERSON